THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SEAN HORNBECK,<br><br>                        Plaintiff,<br>v.<br><br>HONEYWELL FEDERAL MANUFACTURING & TECHNOLOGIES, LLC<br><br>  **Serve**:  Authorized Agent<br>            221 Bolivar Street<br>            Jefferson City, MO 63105<br><br>                        Defendant. | **Case No.:** _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

     1.     Plaintiff Sean Hornbeck states his causes of action against HONEYWELL FEDERAL MANUFACTURING & TECHNOLOGIES, LLC ("Honeywell" or "Defendant") as follows:

     2.     This is an action for disability discrimination, hostile work environment, failure to accommodate and for retaliation for having engaged in protected action. Plaintiff's claims of discrimination arise under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq*. (ADA) and the Missouri Human Rights Act (MHRA).

     3.     Plaintiff also brings claims of retaliation and interference with his lawful exercise of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* (FMLA).

     4.     Plaintiff is a former Senior Analyst in Program and Planning Controls for Defendant. He was terminated following his employer's refusal to grant his request for reasonable accommodation and his requests for leave under the FMLA.

5. Plaintiff seeks all available legal and equitable remedies for claims under the ADA, the MHRA, and the FMLA including, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law.

7. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367, which provides authority for a United States federal court to hear a closely related state law claim against a party already facing a federal claim.

8. This Court has jurisdiction over Plaintiff's claim because Plaintiff filed two timely Charges of Discrimination one with the proper Agencies (EEOC and Missouri Human Rights Commission) and received Right-to-Sue letter mailed on September 22, 2020 and received thereafter.

9. Venue is proper in the United States District Court for the Western District of Missouri under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

10. Plaintiff Sean Hornbeck is a resident of Raymore, Missouri.

11. Defendant Honeywell is a foreign limited liability company in the state of Delaware and authorized to do business in Missouri. Defendant Honeywell is an employer within the meaning of the ADA and the MHRA.

## ADMINISTRATIVE PROCEEDINGS

12. On or about May 5, 2020, Plaintiff filed a timely charge with the EEOC which was dually filed with the Missouri Commission on Human Rights.

13. On or about September 22, 2020, the EEOC mailed a notice of right to sue pursuant to the ADA to Plaintiff and he received it thereafter.

14. This action has been filed with this Court within 90 days of Plaintiff's receipt of the right-to-sue notice of from the EEOC and is seeking a right-to-sue notice from the Missouri Commission on Human Rights. Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

15. Plaintiff began his career with Defendant in January 2017 as a Senior Analyst in Program and Planning Controls.

16. Management was generally pleased with his work and he was progressing in his career.

17. On July 7, 2018, Plaintiff sustained a serious head injury in an accident. He applied for and received FMLA during his recuperation period.

18. Plaintiff returned to work in or about mid-October 2018 and attempted to resume his regular duties.

19. Shortly after Plaintiff's return to work, he experienced headaches, dizziness, and difficulty concentrating, which was later diagnosed as post-concussion syndrome/traumatic brain injury ("TBI") from the accident that July.

20. Plaintiff worked with his doctor and management to obtain various accommodations needed to enable him to be more successful in his position.

21. In January 2019, Plaintiff experienced short-term memory loss and difficulty concentrating related to his TBI. He reported his problems to his manager, April Tracy and he specifically referenced limitations from his TBI. Ms. Tracy did not offer any additional accommodations or engage in any discussions with him about additional accommodation.

22. Plaintiff continued to work to the best of his ability. During that time, he spoke with Program Manager Jackie Robinson about moving to her department when one became available that spring.

23. Plaintiff continued to experience problems caused by his TBI, so in April 2019, he applied for intermittent FMLA to enable him to manage his condition more effectively. Honeywell approved the FMLA in June 2019.

24. Around the same time, Ms. Tracy conducted Plaintiff's mid-year review and warned him that he was not meeting her performance expectations.

25. At that meeting, Plaintiff reminded Ms. Tracy of his short-term memory limitations caused by his TBI and suggested that he may need retraining on some of the functions of his job and that he needed additional time to complete his work.

26. Ms. Tracy reacted negatively to Plaintiff's request and, rather than offering accommodations or retraining or attempting to work with Plaintiff to assist him with his health-related limitations, she reminded him of his length of tenure at Honeywell and chastised him for needing additional training.

27. Ms. Tracy did not offer any additional accommodations.

28. On September 26, 2019, Ms. Tracy gave Plaintiff a Performance Improvement Plan (PIP).

29. Plaintiff then contacted Nancy Case in Honeywell Human Resources to share his doctor's recommendation that he be given additional time to complete tasks. Plaintiff presented a letter from his doctor to Ms. Case, but it is unclear what, if anything, Ms. Case did with the recommendation.

30. The workload contemplated in the PIP was more significant than the workload of other non-disabled workers and set unreasonable and unattainable goals.

31. The workload in the PIP contained tasks outside the scope of Plaintiff's position.

32. In early December 2019, Ms. Tracy warned Plaintiff that he was failing to meet the expectations on the PIP. Plaintiff again reminded Ms. Tracy of his health-related limitations and asked for additional time to complete his work.

33. Ms. Tracy declined to offer any additional accommodations and told Plaintiff he was bound by the timeline in the PIP, which called for the completion of the goals by December 19, 2019.

34. Ms. Tracy met with Plaintiff on December 19 and chastised him for not having attained the goals as contemplated in the PIP. Plaintiff again reminded Ms. Tracy of the limitations from his TBI and noted the connection between what she described as performance shortcomings and his limitations.

35. Ms. Tracy advised Plaintiff to work on time management over the holidays and to enjoy his holiday.

36. Plaintiff returned to work in January. With Ms. Tracy's approval, Plaintiff traveled with his team to assist on a project.

37. Plaintiff also submitted paperwork to renew his FMLA leave. Honeywell approved the FMLA the same month.

38. On February 13, 2020, Ms. Tracy terminated Plaintiff ostensibly on the basis that he had failed the PIP almost two months previously.

## COUNT I—DISABILITY DISCRIMINATION/ FAILURE TO ACCOMMODATE UNDER THE ADA AND MISSOURI HUMAN RIGHTS ACT

39. Plaintiff incorporates by reference all prior paragraphs as through fully set forth herein.

40. Plaintiff has post-concussion syndrome/TBI which substantially limits his daily life activities, including his ability to concentrate, see, and work.

41. Plaintiff is an otherwise qualified individual able to perform the essential functions his job with or without reasonable accommodations.

42. Defendant was aware of Plaintiff's condition.

43. Plaintiff requested a reasonable accommodation.

44. Defendant failed to engage in an interactive process with Plaintiff about his request, and it failed to grant his request.

45. Defendant's treatment of Plaintiff amounted to disability discrimination in violation of the Missouri Human Rights Act and the Americans with Disabilities Act.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination on the basis of his disability for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for his costs expended; for his reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

## COUNT II—HOSTILE WORK ENVIRONMENT IN
## VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

1. Plaintiff incorporates by reference all prior paragraphs as though fully set forth herein.

2. Plaintiff has major depression which constitutes a disability and substantially limits one or more of his major life activities, including his ability to concentrate and to sleep.

3. In addition, or in the alternative, at all relevant times, Defendant perceived or regarded Plaintiff as suffering from a disability which substantially limited one or more of his major life activities within the meaning of the controlling statutes.

4. Plaintiff is an otherwise qualified individual able to perform the essential duties of his position with out without reasonable accommodation.

5. Defendant is aware of Plaintiff's condition.

6. Defendant harassed Plaintiff on the basis of his condition.

7. Defendant's harassment of Plaintiff either created an offensive, hostile, or intimidating work environment or had the purpose or effect of unreasonably interfering with an individual's work performance.

8. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth in this complaint.

9. As a direct and proximate result of the unlawful conduct of Defendant as described in this complaint, Plaintiff has suffered damages which include past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; pain and suffering; and emotional and mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

10. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitled Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that Defendant subjected him to a hostile work environment, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief including reinstatement where Plaintiff is not subjected to discriminatory conduct and/or other hostile, offensive or intimidating treatment; for his costs expended; for his reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

### COUNT III—RETALIATION AND WRONGFUL DISCHARGE UNDER THE AMERICANS WITH DISABILITY ACT

11. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12. Plaintiff's disclosure of his condition and his requests for reasonable accommodation were protected actions.

13. After and because of his repeated requests for reasonable accommodation, Plaintiff was harassed and humiliated on the basis of his disability, lost opportunities for advancement within the company, was unfairly disciplined, threatened with termination, and ultimately terminated.

14. Defendant unlawfully retaliated against Plaintiff for his protected activity. Defendant's conduct violated Plaintiff's rights under the ADA and was undertaken willfully and maliciously so as to support an award of punitive damages under the ADA.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor on Count III, finding that he has been subjected to unlawful retaliation and retaliation in violation of the ADA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory damages, for his costs expended; for his reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT IV—FMLA RETALIATION

15. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16. Plaintiff was employed by Defendant.

17. Plaintiff in good faith exercised his rights with Defendant under the FMLA to take leave for a qualifying serious health condition.

18. Defendant granted Plaintiff's requests for leave pursuant to the FMLA.

19. Defendant retaliated against Plaintiff in the terms and conditions of his employment by subjecting him to disparate treatment as a result of his use of the FMLA, and terminating him following his request for FMLA.

20. Plaintiff's exercise of his rights under the FMLA was a motivating and/or determining factor in Defendant's management of and ultimate decision to terminate Plaintiff's employment.

21. Defendant's actions were willful, outrageous, and done with reckless indifference to Plaintiff's rights under the FMLA.

22. Defendant failed to make good faith efforts to enforce its policies to prevent retaliation against its employees, including Plaintiff.

23. As a direct and proximate result of Defendant's action and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

9
Case 4:20-cv-00991-SRB   Document 1   Filed 12/21/20   Page 9 of 12

24. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

25. Because Defendant lacked a good-faith basis to believe its actions complied with the FMLA, Plaintiff is entitled to an equal amount as liquidated damages and other equitable relief.

26. Plaintiff is also entitled to recover all of his costs, expenses, and fees incurred in this matter.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count IV, for a finding that he has been subjected to unlawful retaliation prohibited by the FMLA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest, for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for her costs expended and for reasonable attorney's fees and for such other and further relief as the Court deems just and proper.

## COUNT V-FMLA INTERFERENCE

27. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28. For purposes of the FMLA, Plaintiff was employed by Neighbors as a joint employer with Century and Plaintiff was entitled to leave under the FMLA for a serious health condition.

29. Plaintiff in good faith exercised his rights with Defendant under the FMLA to request leave for a qualifying serious health condition.

30. Defendant initially granted Plaintiff's requests for leave, but later terminated him, preventing him from taking all of the leave to which he was entitled under the FMLA.

31. Plaintiff's exercise of his rights under the FMLA was a motivating and/or determining factor in Defendant's management of and ultimate decision to terminate Plaintiff's employment.

32. Defendant's actions were willful, outrageous, and done with reckless indifference to Plaintiff's rights under the FMLA.

33. Defendant failed to make good faith efforts to enforce its policies to prevent retaliation against its employees, including Plaintiff.

34. As a direct and proximate result of Defendant's action and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

35. Because Defendant lacked a good-faith basis to believe its actions complied with the FMLA, its Plaintiff is entitled to an equal amount as liquidated damages and other equitable relief.

36. Plaintiff is also entitled to recover all of his costs, expenses, and fees incurred in this matter.

**WHEREFORE**, Plaintiff prays for judgment against Defendant on Count VI, for a finding that he has been subjected to unlawful retaliation prohibited by the FMLA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest, for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for his costs expended and for reasonable attorney's fees and for such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Sean Hornbeck hereby requests a trial by jury on all claims in his Complaint that may properly be submitted to a jury.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**


 /s/ *Mark V. Dugan*
Heather J. Schlozman, MO Bar # 43234
Mark V. Dugan, MO Bar # 39639
heather@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone: (913) 322-3528
Facsimile: (913) 904-0213

**Counsel for Plaintiff**